OPINION
{¶ 1} Appellant, P.H., appeals the trial court's decision adjudicating his daughter, S.H., a dependent child.[1] We affirm the trial court's decision.
 {¶ 2} S.H. was born in November 2001. When she was 16 months old, appellant was arrested on a robbery charge. He was convicted of attempted robbery and sentenced to a year in jail. In September 2003, while appellant was incarcerated, Butler County Children's Services Board ("BCCSB") filed a complaint alleging that S.H. was a dependent child and the trial court granted BCCSB temporary custody. Appellant was released from jail in April 2004 and began participating in case plan services.
 {¶ 3} A hearing on the dependency complaint was held in October 2004. Appellant stipulated that S.H. was dependent at the time of complaint, and remained so while he was incarcerated, but alleged that she was not dependent at the time of the hearing. The trial court adjudicated S.H. a dependent child, concluding that she was dependent both at the time of the complaint, and at the time of the hearing. The trial court ordered that she remain in the temporary custody of BCCSB. Appellant appeals, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The court erred as a matter of law when it found that dependency need not be shown at the time of adjudication."
 {¶ 6} In this assignment of error, appellant argues that the trial court erred in concluding that dependency need not be shown at the time of adjudication, but rather only as of the time of the filing of the complaint. Appellant contends that there is a split of authority on this issue which this court has not addressed.
 {¶ 7} We first note that the trial court determined that S.H. was dependent at the time alleged in the complaint, and in response to appellant's argument, also determined that she continued to be dependent as of the hearing. However, as we discuss below, the trial court was only required to determine dependency as of the date alleged in the complaint.
 {¶ 8} Appellant is correct in asserting that the Ohio Supreme Court has held that the circumstances on which a finding of dependency is based are those which exist when the hearing on a complaint alleging dependency is held, not at the time alleged in the complaint. See In re: Kronjaeger
(1957), 166 Ohio St. 172. However, Kronjaeger was decided under an old statutory section which was amended in 1969. As amended, R.C. 2151.23(A)(1) now states: "[t]he juvenile court has exclusive original jurisdiction . . . [c]oncerning any child who on or about the date specified in thecomplaint is alleged to be a[n] * * * abused, neglected, or dependent child." (Emphasis added.)
 {¶ 9} This court has noted that "[t]he 1969 amendment to R.C.2151.23(A)(1) would appear to legislatively overrule the holding of In reKronjaeger * * * which permitted the court to consider the facts as they existed at the time of the hearing." In re Sims (1983),13 Ohio App.3d 37, footnote 1. This reflects the current majority stance that the amendment to this section effectively repealed the judicial determination that the time of neglect or dependency must include the time of hearing. See Sims; In re Caleb Barnhart, Athens App. No. 05CA8, 2005-Ohio-2692; In re Ohm, Hocking App. No. 05CA1, 2005-Ohio-3500; In re Christopher Barnhart, Athens App. No. 02CA20, 2002-Ohio-6023; In re Rowland (Feb. 9, 2001), Montgomery App. No. 18429;In re James C. (Aug. 20, 1999), Lucas App. No. L-981-258; In re Hay (May 31, 1995), Lawrence App. No. 94CA23. Consequently, the date on which dependency existed must be alleged in the complaint, and the trial court must determine that the circumstances which support a finding of dependency existed as of the date or dates alleged in the complaint. SeeIn re Hay.
 {¶ 10} Nevertheless, a line of post-amendment cases cited by appellant continues to assert that the state must establish dependency as of the time specified in the complaint and at the time of the hearing. This line of reasoning seems to be rooted in a failure to recognize the significance of the amendment rather than a well-reasoned legal analysis. With only one exception, these cases fail to discuss, or even acknowledge, the 1969 amendment to the statute. See Mary Beth v. Howard
(Oct. 12, 1995), Cuyahoga App. No. 67995; In re Bishop (1987),36 Ohio App.3d 123; In re Guthrie (Feb. 2, 1980), Montgomery App. No. CA6383. The foregoing cases do not discuss or even note the amendment, but rather simply cite to In re Justice (1978), 59 Ohio App.2d 78.Justice in turn merely cites Kronjaeger, again without acknowledgment of the statutory amendment.[2] Appellant also cites Matter of Poth (June 30, 1982), Huron App. No. H-81-31. This case relies on In re Darst
(1963), 117 Ohio App. 374, a pre-amendment case which again relied onKronjaeger. Although appellant further cites this court's decision inYoung v. Young (Jan. 20, 1987), Clermont App. Nos. CA 87-03-018 and 86-03-019, that case involved a permanent custody determination, not a dependency determination, and is consequently inapposite to the present matter.
 {¶ 11} Appellant cites only one case which discusses the amendment, and still concludes that dependency must be demonstrated as of the time of the hearing. See In the Matter of William Parker, Jr. (Jan. 26, 1981), Van Wert App. No. 15-79-16. In 1981, the Parker court held, without citation, that because R.C. 2151.35 is phrased in the present tense, that dependency must be proven at the time of the adjudicatory hearing, in spite of the amendment to R.C. 2151.23. No court has since followed or cited the reasoning in Parker.
 {¶ 12} 20 years ago, this court recognized that the General Assembly made it expressly clear when the trial court is to determine dependency: the trial court is to determine the issue of dependency as of the date or dates alleged in the complaint. In re Sims; R.C. 2151.23(A)(1). This court's decision in Sims was well-reasoned and continues to be the majority view in Ohio. We find no reason to overrule it and in fact take this opportunity to reaffirm that, pursuant to R.C. 2151.23(A)(1), the state is required to prove dependency at the time alleged in the complaint.
 {¶ 13} While the dependency issue findings the court is required to make from the evidence presented at the hearing relating to the allegations of the complaint are retrospective in nature, the adjudicatory relief the court will order based on those findings and any subsequent factual findings, is necessarily current and prospective. SeeRowland. Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "The court erred as a matter of fact and law, and abused its discretion when found [sic] the child was dependent based upon what might happen rather than based on the facts as they existed at the time of the adjudication."
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "The court's decision and order that reasonable efforts had been made to avoid the continued removal of the child and that the child was dependent was against the manifest weight of the evidence, was not supported by sufficient evidence and failed to meet the requisite clear and convincing standard."
 {¶ 18} In both his second and third assignments of error appellant argues that the trial court erred in finding that the child was dependent based on the child's circumstances as of the time of the hearing. Appellant conceded both at trial and in his appellate brief that the child was dependent as of the date alleged in the complaint, due to appellant's incarceration. Having concluded in our resolution of appellant's first assignment of error that the dependency determination is to be made considering the child's circumstances as of the date alleged in the complaint, his concession that the child was dependent at that time is dispositive of the issue.
 {¶ 19} We further find that competent, credible evidence supports the trial court's determination that BCCSB made reasonable efforts to prevent S.H.'s continued removal from the home, as required by R.C. 2151.419(A)(1). See In re Brown (1994), 98 Ohio App.3d 337, 344. The case plan filed by BCCSB grants appellant visitation in anticipation of reunification. The plan further requires appellant to take parenting classes and participate in a substance abuse assessment and treatment. These services were made available to appellant and the case plan requirements were implemented to the extent they could be with appellant's efforts. We consequently find that BCCSB complied with its duty to make reasonable efforts toward reunification. The second and third assignments of error are overruled.
 {¶ 20} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] The child's mother agreed to the dependency adjudication, surrendered her parental rights, and is not a party to this appeal.
[2] Notably, the Second District Court of Appeals, while not expressly overruling its decision in Guthrie, has recently applied the majority view when addressing this issue. See Rowland.