{¶ 40} I concur in judgment only because I believe that R.C. 2151.23(A)(1) limits the juvenile court's determination whether a child is dependent, neglected or abused to circumstances as they were "on or about the date specified in the complaint[.]" See, also, In reHood(July 3, 1991), 9th Dist. No. 14957. *Page 15 
 {¶ 41} The majority relies on our decision in In re D.B., 9th Dist. Nos. 03CA0015-M, 03CA0018-M, 2003-Ohio-4526, for the proposition that the trial court may consider evidence of circumstances in existence after the date(s) alleged in the complaint in determining the adjudication of a child. In re D.B. involved a child removed from his parents' custody immediately after birth, prior to the child's arrival in the parents' home, based on an allegation of dependency pursuant to R.C. 2151.04(D).
 {¶ 42} R.C. 2151.04 defines "dependent child." Pursuant to subsection (D), a "dependent child" is one
 "[t]o whom both of the following apply:
 "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 43} The legislature, in enacting this provision, created a unique situation to allow the State to protect children from potentially detrimental situations upon which earlier dependency, neglect or abuse adjudications regarding other children in the home had been based. The mere fact of the prior adjudications; the circumstances surrounding the prior abuse, neglect or dependency; and the other conditions in the home constitute the evidence relevant to the finding of a previously unadjudicated child's dependency. All of that evidence must necessarily exist as of the date(s) alleged in the complaint, and I disagree that "the other conditions in the household of the child" could only be discovered after the date(s) alleged in the complaint. "[T]he other conditions in the household of the child" may certainly include the mere existence of certain persons in home. Furthermore, the fact that the subject child has never lived in the household *Page 16 
does not preclude CSB from investigating the conditions in the home prior to filing the complaint alleging dependency, neglect and/or abuse.
 {¶ 44} In holding in In re D.B. that the juvenile court did not err by considering evidence of events which occurred after the date of the filing of the complaint alleging dependency, this Court cited In rePieper Children (1993), 85 Ohio App.3d 318, 325, for the proposition that the juvenile court could properly rely on events which occurred after the removal of the children from their mother's home in its adjudication of dependency. In re D.B. at ¶ 18. I do not believe thatPieper stands for the proposition that the juvenile court may properly consider evidence of events or circumstances after the date(s) alleged in the complaint in considering the adjudication of the child. Rather,Pieper involved a unique situation in which the child protection agency ("JFS") filed a complaint in 1989 alleging the children to be dependent, neglected and abused; and the children were so adjudicated. The parents' rights were ultimately terminated. The parents appealed, and permanent custody was affirmed as to the father, but reversed as to the mother. JFS then filed a second complaint in 1991, alleging the children to be dependent, neglected and abused, "as of April 12, 1989, continuing through July 19, 1991, and thereafter." Pieper, 85 Ohio App.3d at 325.
 {¶ 45} The trial court adjudicated the children dependent, and the mother appealed, assigning as error that "any incidents that occurred after the first adjudication of dependency cannot be the basis for a second adjudication of dependency, as the children were not then in her custody and therefore could not have been adversely impacted by her conduct[.]" Id. The Twelfth District overruled the assignment of error on public policy grounds that "a prospective finding of dependency is appropriate where children have not been in the custody of the mother, but circumstances demonstrate that to allow the mother to have custody of her children would *Page 17 
threaten their health and safety." Id., citing In re Campbell (1983),13 Ohio App.3d 34. In the second case, premised on a new complaint, the trial court in Pieper considered evidence of events and circumstances solely as of the dates listed in the complaint, specifically, "as of April 12, 1989, continuing through July 19, 1991, and thereafter."Pieper, 85 Ohio App.3d at 325. In re D.B. interprets Pieper to hold that the trial court did not err by considering evidence of events which occurred after the date the agency filed its complaint, without regard for the date(s) alleged therein. In re D.B. at ¶ 19. I believe thatPieper is distinguishable and must be narrowly construed on the basis of its particular facts. In addition, I believe that the majority in this case at ¶ 10 further expands the holding of In re D.B. by interpreting it to mean that evidence of events which occur after the date alleged in the complaint is not necessarily inadmissible.
 {¶ 46} More than fifty years ago, the Ohio Supreme Court held that "[a]ny fault or habit of a parent sufficient to constitute a lack of proper parental care must exist at the time of the hearing of a charge of such neglect." (Emphasis added.) In re Kronjaeger (1957),166 Ohio St. 172, 177. Since then, it has been recognized that the holding inKronjaeger was superseded by statute in 1969 when the legislature enacted R.C. 2151.23, which provided, in relevant part that "(A) the juvenile court has exclusive original jurisdiction under the Revised Code: (1) concerning any child who on or about the date specified in thecomplaint is alleged to be *** neglected ***." (Emphasis in original.)In the Matter of Linger (July 12, 1979), 5th Dist. No. CA 2556. The Fourth District recognized that the Kronjaeger case involved the issue of neglect, but agreed that its holding was applicable to dependency as well. In re Hay (May 31, 1995), 4th Dist. No. 94CA23. Since then, several other district courts have recognized the overruling ofKronjaeger and have held that the events and circumstances relevant to an adjudication are those in existence as of the date(s) alleged in the complaint. See, e.g., In re Rowland (Feb. 9, 2001), *Page 18 
2d Dist. No. 18429; In re S.H., 12th Dist. No. CA2005-01-007,2005-Ohio-5047, at ¶ 9; In re Alexander C, 164 Ohio App.3d 540,2005-Ohio-6134, at ¶ 8.
 {¶ 47} Juv. R. 10 provides that the complaint "be upon information and belief," filed by any person "having knowledge" that a child appears to be dependent, neglected or abused. Juv. R. 10(A) and (B). I fear that the majority's expansive interpretation of our prior decision in In reD.B. presents a slippery slope which might eventually lead to the admissibility at adjudications of evidence well beyond the scope of the allegations in the complaint.
 {¶ 48} In the instant matter, I agree that the juvenile court did not err by refusing to allow Mother to present evidence of remedial measures taken after the date(s) on which the children were alleged to have been dependent and neglected. I further agree that the juvenile court did not err by finding that neglect and dependency did not need to be proven as of the date of the adjudicatory hearing. Finally, I agree that the trial court did not err by finding the children dependent and neglected by clear and convincing evidence. I merely would not imply that the juvenile court might properly consider evidence of events or circumstances in existence after the date(s) alleged in the March, 18, 2008 complaint. Accordingly, I concur in judgment only. *Page 1