**In re JANIE M.**

[Cite as In re *Janie M.* (1999), 131 Ohio App.3d 637.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–98–1223.

Decided Feb. 5, 1999.

*Karyn R. McConnell,* for appellant Janie M.

*S. Scott Schwab,* for appellee Tyler P.

SHERCK, Judge.

This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, in a change of child custody case. Because the trial court did not appoint counsel to represent the minor child, we reverse.

Appellant, Janie M., and appellee, Tyler P., are the parents of Tyler P., Jr. ("Tyler"). Appellant, who has had custody of Tyler from birth, remarried and had a second child with Tyler's stepfather. Until approximately 1996, Tyler had only sporadic visitation with his father. Visitations increased after Tyler reached age ten. Problems arose when several incidents of alleged domestic violence and abuse of Tyler by the stepfather were reported. In October 1996, as a result of these incidents, appellee moved to have custody of Tyler changed to him.

At the beginning of the proceedings, Tyler, then age eleven, wished to live with his father, stepmother, and half-siblings. However, by the time the motion was heard in September 1997, Tyler's mother had separated from Tyler's stepfather and moved in with her father. She had not yet, however, begun any divorce proceedings. With the stepfather no longer living with appellant, Tyler, now age twelve, changed his mind and wanted either split custody or, in the alternative, to live primarily with appellant. The guardian reported this to the magistrate, but recommended either split custody or changing custody to appellee.

On February 19, 1998, the magistrate's decision was journalized, granting custody of Tyler to appellee. Appellant filed objections to the magistrate's decision. On April 17, appellant also moved to remove the guardian based upon a conflict of interest.

After reviewing the record and a transcript of the proceedings, the juvenile court affirmed the magistrate's decision. The court also denied appellant's motion to remove the guardian, stating that since the guardian had not been dually appointed as Tyler's attorney, no conflict existed.

Appellant now appeals setting forth the following four assignments of error:

"First Assignment of Error

"The trial court erred and abused its discretion in designating appellee the residential parent and legal custodian of the minor child when there was no finding of a substantial change of circumstances.

"Second Assignment of Error

"The trial court erred and abused its discretion when it did not consider all of the factors in R.C. 3109.04(F)(1) before it determined that it was in the best interest of the child to award parental rights and responsibilities to the defendant–appellee.

"Third Assignment of Error

"The trial court erred and abused its discretion when it denied plaintiff–appellant's motion to remove the guardian *ad litem* and appoint a successor since there was a conflict between the role of guardian *ad litem* and the role of attorney.

"Fourth Assignment of Error

"The trial court erred and abused its discretion when it failed to consider the 'primary caregiver' doctrine."

We will first address appellant's third assignment of error in which she argues that the trial court erred by not removing the guardian *ad litem* and appointing a new guardian or attorney for the minor child.

Under the plain language of R.C. 2151.352, indigent children are entitled to appointed counsel in all juvenile court proceedings. *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 48, 693 N.E.2d 794, 798. Generally, when an attorney is appointed as guardian *ad litem,* that attorney may also act as counsel for the child, absent a conflict of interest. R.C. 2151.281(H); *In re Smith* (1991), 77 Ohio App.3d 1, 14, 601 N.E.2d 45, 53–54. The roles of guardian *ad litem* and attorney are different. *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 232, 17 OBR 469, 470–471, 479 N.E.2d 257, 259–260. Therefore, absent an express dual appointment, courts should not presume a dual appointment when the appointed guardian *ad litem* is also an attorney. *In re Duncan/Walker Children* (1996), 109 Ohio App.3d 841, 844–845, 673 N.E.2d 217, 218–219; *In re Kenneth R.* (Dec. 4, 1998), Lucas App. No. L–97–145, unreported, 1998 WL 833569.

In this case, the record reveals that the guardian *ad litem* was not specifically appointed as Tyler's attorney. Thus, the juvenile court's determination that there could be no conflict within the guardian's role was technically correct. However, this determination also left Tyler without any legal representation whatsoever. At the time of the initial hearing, the magistrate was aware that Tyler's wishes were clearly different from those of the guardian. Therefore, we conclude that the court erred in not appointing counsel to represent Tyler.

Accordingly, appellant's third assignment of error is well taken. Based upon our disposition of appellant's third assignment of error, the remaining assignments of error are rendered moot.

The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded for proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and KNEPPER, J., concur.