[Cite as *Haskett v. Haskett*, 2013-Ohio-145.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BARBARA J. HASKETT, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2011-L-155** |
| JAMES M. HASKETT, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 07 DR 000703.

Judgment: Affirmed.

*Russell R. Kubyn*, The Kubyn Law Firm, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Judson J. Hawkins*, Parkhill Professional Building, 35104 Euclid Avenue, Suite 101, Willoughby, OH 44094 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James M. Haskett, appeals from two judgment entries of the Lake County Court of Common Pleas, Domestic Relations Division, denying his motions to terminate spousal support and to modify parental rights and responsibilities. His motions were primarily based on allegations that Mrs. Haskett had entered in a marriage-like relationship with another man. The trial court held a trial on both matters and found that appellee, Barbara Haskett, had not in fact entered into a marriage-like

relationship with this other man. The trial court further found that no change of circumstances had occurred to warrant a reallocation of parental responsibilities. Because the trial court's findings are supported by competent, credible evidence, we affirm the decision of the Lake County Court of Common Pleas, Domestic Relations Division.

**Substantive Facts and Procedural History**

{¶2} Barbara Haskett filed a complaint for divorce in October 2007. In the interim period between the complaint for divorce and the final decree, the Hasketts lived separately. But, two months before the final decree and a shared parenting plan were filed on October 26, 2010, Mrs. Haskett and her male friend, Terry Lewis, began to live together, joined by the Haskett children. Mrs. Haskett and Mr. Lewis jointly signed a lease and lived together for just over a year. Mrs. Haskett and Mr. Lewis split the rent and shared household expenses, occasionally engaging in sexual activity. Mrs. Hasket described the relationship as one more akin to roommates than spouses.

{¶3} The Hasketts have shared parenting of their two children, but Mrs. Haskett is the residential parent for school purposes.

{¶4} A mere nine days after the final decree, Mr. Haskett filed motions to modify parental rights and responsibilities and to terminate spousal support. Mr. Haskett alleged that Mrs. Haskett had entered into a marriage-like relationship with another man, triggering a termination of the spousal support clause contained in the divorce decree. The trial court dismissed these motions on April 22, 2011, "due to a failure of service upon the Plaintiff to invoke the continuing jurisdiction of the Court." Mr.

2

Haskett had incorrectly served Mrs. Haskett pursuant to Civ.R. 5, instead Civ.R. 4, as required by Civ.R. 75(J).

{¶5} On April 26, 2011, Mr. Haskett re-filed his motions, serving Mrs. Haskett pursuant to Civ.R. 4, instead of Civ.R. 5. One month later, Mr. Haskett served discovery upon Mrs. Haskett pursuant to Civ.R. 4. Mr. Haskett did not serve Mrs. Haskett's attorney until July 8, 2011, as indicated by his notice of service filed that day. Mrs. Haskett filed her discovery responses on July 6, 2011. Believing that Mrs. Haskett had failed to timely respond to his discovery requests, Mr. Haskett filed motions to confirm admissions and for an *in camera* interview of the minor children. In response to the request for *in camera* interview, Mrs. Hasket filed a motion for appointment of a Guardian ad Litem ("GAL"), 14 days prior to trial. The trial court granted Mrs. Haskett's motion, appointing a GAL for the limited purpose of being present during the interview.

{¶6} On September 12, 2011, the trial court held both an *in camera* interview with the children and a trial, at which both Mr. and Mrs. Haskett testified. At the completion of trial, Mrs. Haskett moved the trial court to dismiss both motions. The trial court immediately dismissed the motion to reallocate parental rights and responsibilities, stating that Mrs. Haskett "believes a change has not occurred in the circumstances of the children, the child's residential parent or either parent, which is required by statute and the evidence overwhelmingly supports [the] motion [to dismiss]." The trial court did not issue a ruling on the motion to terminate spousal support that day.

{¶7} Subsequently, the trial court issued two judgment entries. The first reiterated the denial of the motion to reallocate parental rights and responsibilities, and stated that the "Court finds Father failed to sustain his statutory burden of proof to show

3

a change in circumstances occurred pursuant to Rev. Code 3109.04(E)(1)(a) set forth hereinabove, as to Father, Mother or the children to warrant modification of the Shared Parenting Plan.  * * * The *in camera* review was held prematurely, and is irrelevant since the consideration of the children's best interest was not required by statute."

{¶8}    The second judgment entry denied the motion to terminate spousal support, and stated that the "Court finds Father did not sustain his burden of proof by a preponderance of the evidence that Mother was living in a state akin to marriage with Mr. Lewis from August 15, 2010 to September 3, 2011.  Finally, the Court notes Mother's acquiring a roommate to share expenses began more than two months prior to the decree of divorce even being filed."

{¶9}    Mr. Haskett timely appealed and now brings the following assignments of error:

{¶10}    "[1.] The trial court committed prejudicial error when it ruled that service pursuant to Civ.R. 75(J) and Civ.R. 4 was insufficient to obtain personal jurisdiction over Appellee for motions to terminate spousal support and to modify parental rights and responsibilities."

{¶11}    "[2.] The trial court committed prejudicial err [sic] by refusing to consider Appellee's admissions that she had entered into a marriage like relationship as an admission of fact."

{¶12}    "[3.] The trial court committed prejudicial error by limiting the role of the children's attorney and Guardian Ad Litem soley to attending the in camera review of the children."

4

{¶13} "[4.] The trial court committed prejudicial error when it ruled that the stated desires of the children for a change in custody did not constitute a substantial change in circumstances sufficient to require a determination of the best interests of the children."

{¶14} "[5.] The trial court abused its discretion by limiting the guardian at litem's representation of the children solely to attendance of the in camera interview."

{¶15} Because assignments of error three and five raise the same issues, we will consider them together at the conclusion of our opinion.

### Service was Insufficient

{¶16} In his first assignment of error, Mr. Haskett argues that the trial court erred in determining that he had improperly served the April 26, 2011 motions on Mrs. Haskett. Because we find that by the time Mr. Haskett had re-filed the motions on April 26, 2011, the continuing jurisdiction of the trial court had already been invoked, he erred in serving the motions on Mrs. Haskett on April 26, 2011 pursuant to Civ.R. 4; he was required to perfect service pursuant to Civ.R. 5. Therefore, the trial court did not err in its determination that service was insufficient.

### Standard of Review

{¶17} The application of a civil rule is a question of law, which we review *de novo*. *See Larson v. Larson*, 3d Dist. No. 13-11-25, 2011-Ohio-6013, ¶8, citing *Wedermeyer v. U.S.S. F.D.R. (CV-42) Reunion Assoc.*, 3d Dist. No. 1-09-57, 2010-Ohio-1502. *See also Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶11.

5

## Civ.R. 4 versus Civ.R. 5

{¶18} In domestic relations cases,"[t]he continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply." Civ.R. 75(J). Civ.R. 4 mandates that the defendant or non-moving party himself be served, not his attorney. If a moving party serves notice of a post-decree motion on the non-moving party's attorney but not on the party himself, continuing jurisdiction of the court has not been properly invoked. *See Borland v. Borland,* 11th Dist. No. 89-T-4211, 1990 Ohio App. LEXIS 935, *3 (Mar. 16, 1990), citing *Hansen* v. *Hansen*, 21 Ohio App.3d 216 (3d Dist.1985). *See also Szymczak v. Szymczak*, 136 Ohio App.3d 706 (8th Dist.2000).

{¶19} Once an action has been initiated, or the continuing jurisdiction of a court invoked, service must be perfected pursuant to Civ.R. 5, which governs "Service and Filing of Pleadings and Other Papers Subsequent to the Original Complaint." "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Civ.R. 5(B)(1)

{¶20} When Mr. Haskett re-filed his motions on April 26, 2011, the continuing jurisdiction of the trial court had already been invoked. Pending matters before the court included Mrs. Haskett's motions to show cause and for attorney fees in relation to Mr. Haskett's failure to pay child support, which had been filed on April 15, 2011. It was those motions of Mrs. Haskett that invoked the continuing jurisdiction of the court.

{¶21} Mrs. Haskett was at the time represented by counsel, therefore, Mr. Haskett was required to serve his re-filed motions to Mrs. Haskett's attorney, pursuant to Civ.R. 5. Instead, he served Mrs. Haskett herself, according to Civ.R. 4. While it is true that a party must serve the opposing party pursuant to Civ.R. 4 in order *to invoke* the continuing jurisdiction of the court for purposes of child support modification, if continuing jurisdiction has already been invoked, Civ.R. 5 delineates the required service process. *See Stokes v. Meimaris*, 11th Dist. No. 91-T-4606, 1993 Ohio App. LEXIS 6077, *5 (Dec. 17, 1993), and *In re Seitz*, 11th Dist. No. 2002-T-0097, 2003-Ohio-5218, ¶17. Service was not perfected on Mrs. Haskett's attorney, as Civ.R. 5 requires, until July 8, 2011. Therefore, the trial court did not err in determining that Mr. Haskett had failed to properly serve Mrs. Haskett until July 8, 2011. The first assignment of error is without merit.

### Request for Admissions

{¶22} In his second assignment of error, Mr. Haskett argues that the trial court erred in denying his motion to confirm Mrs. Haskett's admissions. He essentially argues that because Mrs. Haskett belatedly responded to his request for admissions, they should be deemed unanswered and thus admitted pursuant to Civ.R. 36(A)(1).

{¶23} Because we find the trial court did not err in finding that Mr. Haskett had failed to properly perfect service of the motions on Mrs. Haskett, via her attorney, until July 8, 2011, Mrs. Haskett was not, in fact, delayed in providing responses to Mr. Haskett's discovery requests. We agree with the trial court when it stated that "[d]ue to Father's failure to comply with the Rules of Civil Procedure for service of his motions, Father's interrogatories and request for admissions filed May 26, 2011 shall not be

considered. Said discovery was served by Father's counsel to Mother's attorney who had not yet been served with the underlying April 26 motions. See the Eleventh District Court of Appeals case of *J.P. Morgan Chase & Co. v. Industrial Power Generation, LTD,* [11th Dist. No. 2007-T-0026,] 2007 Ohio App LEXIS 5293 [(Nov. 9, 2007)]." Therefore, the trial court did not err in refusing to consider "silent admissions" as admissions in fact for purpose of the trial, and the second assignment of error is without merit.

{¶24} We note that even if they were deemed admitted, it is well within the trial court's discretion to allow the withdrawal of admissions in the interest of justice. Civ.R. 36(B) states, in relevant part, that: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits."

{¶25} Mrs. Haskett's challenge to the truth of such admissions during the trial proceedings satisfied the requirements of Civ.R. 36(B) for withdrawal of admissions, and it was well within the court's discretion to permit such withdrawal, if indeed they had been admitted in the first place. *See Balson v. Dodds*, 62 Ohio St.2d 287, 291, fn. 2 (1980) ("Civ. R. 36(B) does not require that a written motion be filed, nor does it specify when such motion must be filed. Thus, the rule leaves such matters to the discretion of the trial court. Herein, the trial court could reasonably find that, by contesting the truth of

8

the Civ.R. 36(A) admissions for the purposes of summary judgment, appellee satisfied the requirement of Civ.R. 36(B) that she move the trial court to withdraw or amend these admissions").

### No Change in Circumstances

{¶26} In his fourth assignment of error, Mr. Haskett contends that the trial court erred when it ruled that no substantial change in circumstances had taken place to trigger a best interest analysis. Mr. Haskett argues that the stated desire of his children to live with him is sufficient enough to meet the first prong of the analysis when considering a reallocation of parental rights and responsibilities. A review of the evidence presented at trial and the law related to the definition of "change of circumstances" reveals that the trial court did not err in its determination that Mr. Haskett had not met his burden and thus no further analysis was necessary.

### Standard of Review

{¶27} "In reviewing matters involving the allocation of parental rights and responsibilities of minor children, a trial court is vested with broad discretion; thus, a trial court's decision will be reversed only upon a showing of an abuse of discretion." *Dexter v. Dexter*, 11th Dist. No. 2006-P-0051, 2007-Ohio-2568, ¶11, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988); *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶28} As this court recently stated, the term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). The Second Appellate District also recently adopted a similar definition of the abuse-of-discretion standard: an abuse

of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶67.

{¶29} Furthermore, "[d]eference to the trial court on matters of credibility 'is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.'" (Emphasis sic.) *Dexter*, *supra*, at ¶11, quoting *Davis* at 418.

**<u>R.C. 3109.04</u>**

{¶30} R.C. 3109.04(E)(1)(a), which governs the modification of a prior order allocating parental rights and responsibilities, provides, in part: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior

10

decree * * * unless a modification is in the best interest of the child and one of the following applies:

{¶31} "(i) The residential parent agrees to a change in the residential parent * * *.

{¶32} "(ii) The child, with the consent of the residential parent * * * has been integrated into the family of the person seeking to become the residential parent.

{¶33} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶34} This statute sets forth the procedure for modifying a prior decree allocating parental rights and responsibilities for the care of children. "In order to modify a prior decree, R.C. 3109.04(E)(1)(a) mandates a finding (1) of a change in circumstances; (2) that the modification is necessary to serve the best interest of the child; and (3) that the harm resulting from the change will outweigh the benefits of not changing." *Makuch v. Bunce*, 11th Dist. No. 2007-L-016, 2007-Ohio-6242, ¶11.

{¶35} A change of circumstances "is intended to denote an event, occurrence, or situation which has a material *and* adverse effect upon a child." *Schiavone v. Antonelli*, 11th Dist. No. 92-T-4794, 1993 Ohio App. LEXIS 5891, *9 (Dec. 10, 1993), *citing Wyss v. Wyss*, 3 Ohio App.3d 412 (10th Dist.1982). Furthermore, "there is a rebuttable presumption that retaining the residential parent designated in the prior decree is in the child's best interest." *Foxhall v. Lauderdale*, 11th Dist. No. 2011-P-0006, 2011-Ohio-6213, ¶31, citing *Elam v. Elam*, 12th Dist. No. CA2011-02-028, 2011 Ohio App. LEXIS 5472, *4 (Dec. 10, 2001).

{¶36} Although the trial judge conducted the proceedings in connection with the motion for reallocation of parental rights and responsibilities out of order (she conducted

11

an *in camera* review first, and then held a trial), the result was not in error. At trial, Mr. Haskett had the burden of demonstrating a substantial change in circumstances had occurred in order to warrant consideration of the best interests of the children and a possible change in their placement. He failed to demonstrate such a change in circumstances.

{¶37} At trial, Mr. Haskett pointed to the fact that Mrs. Haskett had moved in with Mr. Lewis. However, this occurred two months before the filing of the final decree and shared parenting plan, to which Mr. Haskett was a signatory. As the statute makes clear, any change of circumstances must arise *since* the prior decree in order to meet the first prong of the analysis. Furthermore, and as we have repeatedly held, a best interest determination will not take place unless and until the movant has demonstrated a change in circumstances. *See, e.g., Stevenson v. Kotnik*, 11th Dist. No. 2010-L-063, 2011-Ohio-2585. Because Mrs. Haskett's living arrangement with Mr. Lewis began well before the prior decree declaring her the residential parent, no change in circumstances has arisen since the prior decree.

{¶38} Mr. Haskett suggests that the children have expressed a preference to live with him, and that this constitutes a sufficient change in circumstances. The trial record is devoid of evidence on this point. Further, "the wishes of the child are only one factor that the trial court shall consider in determining the best interest of the child," they are not necessarily a circumstantial trigger. *Stevenson* at ¶52.

{¶39} Credible and competent evidence exists to support the trial court's determination. Mr. Haskett failed to prove a change of circumstances had occurred

since the prior decree, therefore the trial court was not obliged to continue on with a best interests analysis. Assignment of error four is without merit.

**Appointment of the GAL**

{¶40} In his third and fifth assignments of error, Mr. Haskett argues that the trial court erred in limiting the role of the GAL to the *in camera* review portion of the proceedings. However, Mr. Haskett fails to elucidate how the GAL should have been involved and in what way the trial court impermissibly limited the GAL's participation. He seems to suggest that the GAL was also appointed as counsel for the minor children, however, there is no evidence in the record of this appointment. "[A]bsent an express dual appointment, courts should not presume a dual appointment when the appointed guardian *ad litem* is also an attorney." *In re Janie M.,* 131 Ohio App.3d 637, 639 (6th Dist.1999), citing *In re Duncan/Walker Children*, 109 Ohio App.3d 841, 844-845 (1996), and *In re Kenneth R.*, 6th Dist. No. L-97-1435, 1998 Ohio App. LEXIS 5669 (Dec. 4, 1998).

{¶41} Mr. Haskett filed a motion for *in camera* interview of the children, but did not request a GAL be appointed. Mrs. Haskett, two weeks before trial, was the one to file a motion requesting the GAL's appointment. The trial court granted the motion, but limited the appointment to the purpose of being present during the *in camera* interview.

{¶42} Regardless of Mr. Haskett's criticisms regarding the GAL's role or lack thereof, the issue is moot. Mr. Haskett was unable to demonstrate that a change of circumstances had occurred, which is the trigger for a full best interests investigation under R.C. 3109.04. The trial court noted in its judgment entry that the "*in camera* interview was held prematurely, and is irrelevant since a consideration of the children's

13

best interests was not required by statute." We agree, and therefore, are unable to see any error in limiting the GAL's role, given the limited nature of the inquiry to begin with. Assignments of error three and five are without merit, and the judgments of the Lake County Court of Common Pleas, Domestic Relations Division, are affirmed.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

14