[Cite as *In re J.P.*, 2015-Ohio-4687.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| [J.P., | : | No. 15AP-193 |
| | | (C.P.C. No. 11JU-0144) |
| Appellee, | : | |
| E.P.B., | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |
| In the Matter of: | : | |
| [Ja.P., | : | No. 15AP-194 |
| | | (C.P.C. No. 11JU-0143) |
| Appellee, | : | |
| E.P.B., | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |

# D E C I S I O N

## Rendered on November 12, 2015

*Brian L. Herzberger Co., L.P.A.*, and *Brian L. Herzberger*, for appellant.

*Cynthia M. Roy*, for K.T.

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Appellant, E.P.B., maternal grandmother, appeals from judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding legal custody of her grandchildren J.P. and Ja.P. to the children's paternal grandmother, K.T. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This matter began when dependency complaints were filed on July 28, 2011 concerning J.P. (date of birth August 14, 2009) and Ja.P. (date of birth February 26, 2011) (collectively "the children"). On the same day, the trial court issued temporary orders of protective supervision. The trial court appointed Eric Hoffman in the dual capacity as attorney and guardian ad litem for the children. The trial court also appointed attorneys for the children's mother, S.B., and father, Je.P. The matter proceeded uncontested as to the dependency of the children.

{¶ 3} On December 7, 2011, maternal grandmother of the children moved for legal custody of the children. Six days later, the trial court granted maternal grandmother temporary custody of the children. On March 6, 2012, the guardian ad litem filed a report recommending the trial court extend the court ordered protective supervision. On March 27, 2012, the trial court ordered the children to be under the protective supervision of the Franklin County Children Services, denied maternal grandmother's request for legal custody of the children, but continued maternal grandmother's temporary custody. On April 3, 2013, paternal grandmother moved for legal custody of the children. On May 29, 2013, the guardian ad litem reported to the court that the children appeared "to be very bonded with their maternal grandmother," and he advised it would be in the children's best interest to remain in the custody of the maternal grandmother, with a liberal visitation schedule as to the paternal grandmother. (15AP-193, Supplemental Report of Guardian Ad Litem, 4.) On May 31, 2013, the trial court ordered alternating weekend visits between paternal grandmother and the children. On June 10, 2013, paternal grandmother moved for contempt, alleging maternal grandmother failed to comply with the court-ordered visitation.

{¶ 4} In September and December 2013 and January 2014, the grandmothers' motions for custody of the children were tried before the court. At the trial, the court heard testimony from Franklin County Children Services caseworkers, both grandmothers, and paternal grandmother's private investigator. The guardian ad litem also testified and recommended that the trial court award custody of the children to paternal grandmother based on the testimony at trial. Counsel for maternal grandmother asserted there was a conflict between the guardian ad litem's recommendation and the wishes of the children, necessitating the appointment of new counsel. No party requested

an in camera interview of the children. However, the magistrate directed the guardian ad litem to meet with the children after they separately visited with each grandmother. After this occurred, the guardian ad litem reported to the magistrate his observations regarding the wishes of the children, essentially indicating there was no clear expression of preference communicated by the children. The magistrate concluded no conflict existed and awarded legal custody of the children to paternal grandmother.

{¶ 5}   Maternal grandmother filed objections to the magistrate's decision, arguing in part the magistrate erred in not appointing new counsel for the children. The trial court overruled maternal grandmother's objection regarding the magistrate's decision not to appoint new counsel for the children, and affirmed the award of custody to paternal grandmother. Maternal grandmother timely appeals.

## II.  Assignment of Error

{¶ 6}   Maternal grandmother assigns the following single error for our review:

> The trial court erred by failing to appoint separate counsel for the children, J.P., and [Ja.P.], when it had become clear that the recommendation of the guardian ad litem was in opposition to the wishes of the children to remain in the custody of the appellant.

## III.  Discussion

{¶ 7}   In maternal grandmother's single assignment of error, she asserts the trial court erred in not appointing separate counsel for the children before awarding custody of the children to paternal grandmother.

{¶ 8}   As noted above, the trial court appointed Hoffman in the dual capacity of guardian ad litem and counsel for the children. "Generally, when an attorney is appointed as guardian ad litem, that attorney may also act as counsel for the child, absent a conflict of interest." *In re Janie M.*, 131 Ohio App.3d 637, 639 (6th Dist.1999). "The duty of a lawyer to his client and the duty of a guardian ad litem to his ward are not always identical and, in fact, may conflict." *In re Baby Girl Baxter*, 17 Ohio St.3d 229, 232 (1985). R.C. 2151.281(H) addresses the dual appointment of a guardian ad litem as counsel and provides in part as follows:

> Until the supreme court adopts rules regarding service as a guardian ad litem that regulate conflicts between a person's role as guardian ad litem and as counsel, if a person is serving as guardian ad litem and counsel for a child and either that

person or the court finds that a conflict may exist between the person's roles as guardian ad litem and as counsel, the court shall relieve the person of duties as guardian ad litem and appoint someone else as guardian ad litem for the child.

Effective March 1, 2009, the Supreme Court of Ohio adopted a new rule, Rule 48 of the Rules of Superintendence for the Courts of Ohio to govern guardian ad litem standards in Ohio. Sup.R. 48(D)(8) provides: "When a guardian ad litem determines that a conflict exists between the child's best interest and the child's wishes, the guardian ad litem shall, at the earliest practical time, request in writing that the court promptly resolve the conflict by entering appropriate orders." Additionally, Ohio Rule of Juvenile Procedure 4(C)(2) provides: "If a person is serving as guardian ad litem and as attorney for a ward and either that person or the court finds a conflict between the responsibilities of the role of attorney and that of guardian ad litem, the court shall appoint another person as guardian ad litem for the ward."

{¶ 9} A conflict in this context typically arises when the guardian ad litem's determination of the child's best interest differs from the child's wishes. *Baby Girl Baxter* at 232. *See In re J.M.*, 12th Dist. No. CA2008-12-148, 2009-Ohio-4824, ¶ 19 (because the guardian ad litem is permitted to maintain dual roles in a custody dispute, "a court is not required to appoint separate counsel unless the [guardian ad litem's] recommendations regarding their best interest conflict with the children's wishes"). In determining whether a conflict exists, courts should make a determination, on a case-by-case basis, whether the child actually needs independent counsel, taking into account the maturity of the child. *In re B.K.*, 12th Dist. No. CA2010-12-324, 2011-Ohio-4470, ¶ 19. Generally, the appointment of independent counsel is necessary when the child has "consistently and repeatedly expressed a strong desire that is inconsistent with the guardian ad litem's recommendations." *In re M.H.*, 12th Dist. No. CA2012-11-035, 2013-Ohio-1063, ¶ 34; *see In re B.W.*, 9th Dist. No. 12CA0016-M, 2012-Ohio-3416, ¶ 42.

{¶ 10} Here, maternal grandmother argues one person should not have served in the dual role of guardian ad litem and counsel for the children once the guardian ad litem recommended paternal grandmother be awarded custody, and, therefore, it was error for the trial court not to appoint new counsel or a new guardian ad litem. Maternal grandmother argues the children expressed a desire to stay with her, and, alternatively,

insofar as their expression was not enough for a finding of a conflict, it was necessary for the trial court to obtain reliable evidence concerning the children's wishes before awarding custody. According to maternal grandmother, this could only occur with separate counsel and guardian ad litem. In support of her position, maternal grandmother cites *In re Swisher*, 10th Dist. No. 02AP-1408, 2003-Ohio-5446.

{¶ 11} In *Swisher*, this court reversed the granting of permanent custody of children to Franklin County Children Services because the trial court did not consider the children's wishes. *Id.* at ¶ 41. This court remanded the matter in *Swisher* noting that a trial court, in deciding whether to grant permanent custody of the children to a public children services agency, must evaluate, to the extent possible, the wishes of the children by means of reliable evidence. *Id.* at ¶ 43. This court further explained: "should the wishes of the children, as expressed either directly by them or through the guardian ad litem, evidence a strong desire to be reunited with [the mother], and should the guardian ad litem's position regarding the best interest of the children conflict with those wishes, the trial court should appoint separate counsel to represent the children." *Id.* at ¶ 44. Thus, in *Swisher* there was no evidence regarding the wishes of the children.

{¶ 12} Maternal grandmother's arguments are unpersuasive, and her reliance on *Swisher* is misplaced. Unlike *Swisher*, the trial court in this case considered, to the extent possible, the wishes of the children. Maternal grandmother does not argue that Ja.P., the youngest child, was incapable of reliably communicating her wishes. However, as to the older child, J.P., maternal grandmother argues there was some evidence regarding his desire to remain with her. While this is true, there was also evidence of J.P.'s desire to live with paternal grandmother. Before trial, the guardian ad litem recommended the children remain with maternal grandmother. On hearing the trial testimony of the other witnesses, the guardian ad litem changed his opinion and recommended the award of custody to paternal grandmother. After the guardian ad litem testified, counsel for maternal grandmother indicated it was his and his client's understanding that J.P. expressed a desire to be with maternal grandmother. The guardian ad litem explained he had not recently discussed the children's wishes regarding custody with them. As a result, the magistrate directed the guardian ad litem to meet with the children twice, once after a visit with maternal grandmother and once after a visit with paternal grandmother.

{¶ 13} After meeting with the children as directed, the guardian ad litem reported back with equivocal findings. The guardian ad litem indicated the younger of the two children, Ja.P., was unable to communicate her wishes—the "youngest one is just so young that there's really not much you can -- you can get there at all." (15AP-193, Jan. 27, 2014 Tr. 7.) As to the older child, J.P., the guardian ad litem indicated J.P. did not communicate a clear desire to be with maternal grandmother. The guardian ad litem explained that J.P. indicated a preference for the grandmother he had just visited. Additionally, the guardian ad litem reported J.P.'s stated desire to be with maternal grandmother had a parroting characteristic, as if he was coached to make a certain statement. The guardian ad litem viewed the information he received from J.P. as "uncertain," or even demonstrating a preference toward paternal grandmother. (15AP-193, Jan. 27, 2014 Tr. 8.) When viewed in context, the information provided by J.P. to the guardian ad litem did not demonstrate a clear and consistent wish to be with maternal grandmother. This lack of clarity is unsurprising considering J.P.'s young age at the time of trial. *See In re K. & K.H.,* 8th Dist. No. 83410, 2004-Ohio-4629; *In re G.C. & M.C.*, 8th Dist. No. 83994, 2004-Ohio-5607, ¶ 9 (inconsistency as to a four-year-old child's wishes "only underscores the lack of cognitive maturity necessary for the appointment of independent counsel").

{¶ 14} For these reasons, we conclude that because the trial court did not abuse its discretion in finding no conflict between the children's wishes and the recommendation of the guardian ad litem, it was not error for the trial court to decide not to appoint new counsel or a new guardian ad litem for the children. Accordingly, maternal grandmother's single assignment of error is overruled.

## IV. Disposition

{¶ 15} Having overruled maternal grandmother's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

_____