[Cite as *Zielinski v. Prewitt*, 2016-Ohio-1112.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Jessy J. Zielinski and Paul Dobson,  Court of Appeals No. WD-15-011
Wood County Prosecutor

 Trial Court No. 2013CV0663

       Appellees

v.

Andrew W. Prewitt  **DECISION AND JUDGMENT**

       Appellant  Decided:  March 18, 2016

* * * * *

Ann M. Baronas, for appellee Jessy J. Zielinski.

Paul A. Dobson, Wood County Prosecuting Attorney, and
Arlen B. de la Serna, Assistant Prosecuting Attorney, for appellee.

Andrew W. Prewitt, pro se.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a pro se appeal from a judgment of the Wood County Court of

Common Pleas that found appellant Andrew W. Prewitt to be a vexatious litigator

pursuant to R.C. 2323.52.

{¶ 2} The following undisputed facts are relevant to the issues on appeal. For well over ten years, appellant Prewitt and appellee Zielinski have been engaged in continuous, highly contentious litigation which originated with a dispute in juvenile court over custody of their child in 2004. Since the time of the January 2005 judgment entry establishing a shared parenting plan, appellant has filed pro se in the trial court motions, pleadings, notices and other documents too numerous to list here, most of which demonstrate a refusal to accept the trial court's orders. Filings and rulings in the trial court have led to appellant filing numerous pro se appeals in this court (approximately 18 between 2008 and 2015) as well as ten pro se affidavits of disqualification (one of which was 106 pages long) in the Ohio Supreme Court against three Wood County Juvenile Court judges.

{¶ 3} On November 1, 2013, appellee Jessy Zielinski filed a complaint against appellant in the Wood County Court of Common Pleas, Juvenile Division, to have appellant declared a vexatious litigator. The record does not show that appellant was served with summons and a copy of the complaint or that Zielinski's attorney requested service. Appellant was notified of the existence of the complaint through e-mail.

{¶ 4} On November 12, 2013, appellant filed a pro se motion to dismiss the complaint. His motion did not contain a defense of insufficiency of process/service of process. On November 20, 2013, counsel entered an appearance on behalf of appellant and filed a second motion to dismiss the complaint, arguing that the juvenile court lacked jurisdiction and that appellant had not been served with process.

2.

{¶ 5} On November 26, 2013, a judge serving by Supreme Court assignment denied both motions to dismiss and transferred the case to the general division of the Wood County Court of Common Pleas. Appellant filed an answer which included affirmative defenses of lack of jurisdiction and insufficient service of process.

{¶ 6} Thereafter, Paul Dobson, in his capacity as Wood County Prosecutor, moved to intervene as a plaintiff. Dobson's motion was granted and Zielinski and Dobson filed an amended complaint to have appellant declared a vexatious litigator. The amended complaint included a certificate of service on appellant's counsel of record. Appellant, through counsel, filed an answer to the amended complaint which included the same affirmative defenses as those asserted in the original answer.

{¶ 7} Appellees asserted in their complaint filed in the trial court that appellant "habitually, persistently, and without reasonable grounds" engaged in vexatious conduct as defined by R.C. 2323.52 with civil litigation that included 12 cases filed in the Wood County Court of Common Pleas, 20 cases filed in this court and 3 cases filed in the Ohio Court of Claims. Appellees also asserted that appellant engaged in vexatious conduct by causing, aiding, assisting or permitting his parents to engage in vexatious conduct by preparing his documents on his mother's computer and leaving them there, so that his parents could copy them and file their own virtually identical claims in two Wood County cases, two Sixth District Court of Appeals cases and three Ohio Supreme Court cases. Additionally, appellees asserted that appellant pursued litigation in courts that are not governed by R.C. 2323.52 but which shows his wrongful motive or intent in cases where

3.

the statute applies: i.e., two cases filed in the United States District Court for the Northern District of Ohio and seven affidavits for disqualification filed in the Ohio Supreme Court against three Wood County judges.

{¶ 8} On October 30, 2014, Dobson filed a motion for summary judgment which the trial court denied. On January 2, 2015, appellant's counsel filed two motions to dismiss which were denied. The trial court found that appellant waived any defense of insufficiency of process or insufficiency of service of process when he filed his pro se motion to dismiss without including those defenses in the motion. The trial court further found that appellant's second motion to dismiss, filed by counsel, was a nullity as Civ.R. 12 permits only one pre-answer motion to dismiss.

{¶ 9} The case proceeded to a two-day bench trial, after which the trial court issued its decision declaring appellant a vexatious litigator pursuant to R.C. 2323.52.

{¶ 10} In its judgment entry filed January 30, 2015, the trial court included the following findings of fact: appellant filed 1) numerous groundless motions and appeals in a juvenile court custody proceeding that should have concluded in a few months but extended for more than ten years unresolved; 2) numerous groundless claims against public offices and officials and adverse counsel; 3) duplicative cases against the same defendant in the same and different courts; 4) repeated appeals from non-final and non-appealable orders over which the appellate court lacked jurisdiction; 5) an original habeas corpus action in an appellate court which failed to assert a claim against anyone who allegedly had custody of the supposedly restrained person; 6) repeated motions in an

4.

appellate court that did not relate to any pending appeal; and 7) repeated cases in the Ohio Court of Claims for which that court lacked jurisdiction.

{¶ 11} The trial court further found that appellant filed his claims, motions and appeals solely to delay proceedings. The trial court concluded that the cumulative effect of appellant's persistent vexatious misconduct required the controls that R.C. 2323.52 affords. The court cautioned appellant to be mindful that any assistance he provides his parents in asserting motions or claims may subject him to sanctions for unauthorized practice of law and that he and his parents may be subject to monetary sanctions for violations of Civ.R. 11 and R.C. 2323.51("frivolous conduct") if they engage in further unwarranted conduct.

{¶ 12} It is from that judgment that appellant appeals. Appellant sets forth two assignments of error:

> Assignment of Error Number One:
>
> The trial court erred and abused its discretion by finding defendant-appellant to be declared a vexatious litigator due to improper jurisdiction and insufficiency of service without ignitiating [sic] the commencement of the civil action.
>
> Assignment of Error Number Two:
>
> The trial court erred and abused its discretion by finding defendant-appellant to be declared a vexatious litigator pursuant to Ohio Revised Code 2323.52 is against the manifest weight of the evidence.

5.

**{¶ 13}** In support of his first assignment of error, appellant asserts that the trial court erred by failing to dismiss the vexatious litigator action based on improper jurisdiction and failure of service pursuant to Civ.R. 3.

**{¶ 14}** A trial court's decision involving interpretation of the Ohio Rules of Civil Procedure presents a question of law which an appellate court reviews de novo. *See Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 17. The record here reflects that service on appellant was not completed as required by the civil rules when Zielinski filed her original complaint. However, based on our review of the record and the applicable law, we find that the trial court properly denied appellant's motion to dismiss when it found that appellant waived any defense of insufficiency of process or insufficiency of service of process when he filed his pro se motion to dismiss without including those defenses in his motion, and when it further found that appellant's second motion to dismiss, filed by counsel, was a nullity as Civ.R. 12 permits only one pre-answer motion to dismiss.

**{¶ 15}** Appellant also argues that the trial court erred by transferring this matter from the juvenile court to the general division of the common pleas court. This argument is without merit. *See Mays v. Mays*, 2d Dist. Montgomery No. 13544, 1993 Ohio App. LEXIS 3031 (June 14, 1993); Civ.R. 1(B).

**{¶ 16}** Accordingly, appellant's first assignment of error is not well-taken.

**{¶ 17}** In support of his second assignment of error, appellant asserts that the trial court erred by declaring him a vexatious litigator. An appellate court's review of a

6.

judgment following a bench trial is subject to the manifest weight of the evidence standard of review. *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-441, ¶ 12. Appellant argues that his conduct does not justify being found a vexatious litigator, asserting that he is a conscientious and concerned parent trying to maintain a relationship with his daughter and pursuing all legal avenues and remedies within his power. Based on our review of the record as summarized above and the law pursuant to R.C. 2323.52, and presuming that the findings of the trier of fact are correct, we find that the trial court's decision was supported by competent, credible evidence that he habitually, persistently and without reasonable grounds engaged in vexatious conduct in a civil action. *See* R.C. 2323.52 and *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 18} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____
                                                            JUDGE
Thomas J. Osowik, J.

Stephen A. Yarbrough, J.                       _____
CONCUR.                                                     JUDGE

                                               _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.