OPINION
{¶ 1} Kimberly L. Bryant, appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court found her in contempt of court.
 {¶ 2} Appellant and Joseph Horton are the parents of Colby A. Moore and are not married to each other. On November 28, 2000, an agreed judgment entry was filed, which established the respective rights of the parties to claim the federal income tax dependency exemption for Colby. In this regard, the agreed judgment entry provides:
8. Joseph Horton shall be permitted to claim the dependency exemption for Colby for tax years 2000, 2001, 2003, 2004, 2006, and 2007, he shall also be granted the dependency exemption for tax years for tax years [sic] 2002, 2005, and 2008 if Mother, Kimberly Bryant, does not have gross income exceeding $15,000.00 for those years. Mother shall supply proof of her income exceeding $15,000.00 per year by January 31, of 2003, 2006 and 2009ear [sic] in which she seeks to claim the dependency exemption for the prior year. Mother shall execute any necessary waivers for the Internal Revenue Service to allow Father to claim said exemption[.]
 {¶ 3} For tax year 2002, appellant claimed the federal income tax dependency exemption for Colby. On May 21, 2003, Horton filed a motion to show cause, claiming that appellant was in contempt of this order. Horton asserted that appellant failed to provide proof of income prior to January 31, 2003, and that her income did not exceed $15,000 for tax year 2002. Horton claimed appellant listed only income of approximately $5,100 for calendar year 2002 on her federal tax return.
 {¶ 4} On February 12, 2004, the matter was heard before a magistrate. Appellant admitted she claimed Colby as a dependent on her 2002 tax return. However, she believed that she was entitled to claim the dependency because the child support payments she received and her other sources of income surpassed the required $15,000 "gross income" threshold established in the agreed judgment entry.
 {¶ 5} On February 19, 2004, the magistrate issued a decision in which it found appellant in contempt. The magistrate sentenced appellant to ten days in jail, suspended on the condition that she purge herself by: (1) providing Horton a signed IRS Form 8332 for tax year 2002, which will allow him to claim Colby as a dependent for tax year 2002; and (2) amending her 2002 tax returns to delete Colby as a dependency exemption. The magistrate also ordered appellant to pay Horton $521.25 in attorney fees. The trial court adopted the magistrate's decision on February 19, 2004. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court committed reversible error in finding Appellant in contempt of court.
 {¶ 6} Appellant argues in her assignment of error that the trial court erred in finding her in contempt of court. Specifically, appellant claims that "gross income" is not defined in the agreed judgment entry, and she defined it to mean gross receipts, which would include child support payments received.
 {¶ 7} Initially, we must point out that appellant did not file an objection to the magistrate's decision. Juv.R. 40(E)(3)(d) provides that a party "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Failing to draw the trial court's attention to a possible error, by objection or otherwise, where the error could have been corrected, results in a waiver of the issue for purposes of appeal. In re Etter (1998), 134 Ohio App.3d 484.
 {¶ 8} An exception to this waiver exists if plain error is found. Id., at 492; In re Alyssa C., 153 Ohio App.3d 10, 2003-Ohio-2673, at ¶ 33-35. In a civil proceeding, plain error involves those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material, adverse effect on the character of, and public confidence in, judicial proceedings. See Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 122.
 {¶ 9} However, we find the present case is not one of those extremely rare cases where exceptional circumstances require the application of plain error to prevent a manifest miscarriage of justice. The error appellant complains of, if left uncorrected, would not have a material, adverse effect on the character of, and public confidence in, judicial proceedings. Accordingly, we find Juv.R. 40(E)(3)(d) applies to preclude appellant's argument in the present case. Therefore, appellant's assignment of error is overruled.
 {¶ 10} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Lazarus and Sadler, JJ., concur.