[Cite as *In re I.D.*, 2025-Ohio-171.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE I.D., ET AL.                      :

                                        :          Nos. 114065, 114066,
Minor Children                          :          114067 and 114068

                                        :

[Appeal by Mother]                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. FA-23101768, FA-23101769, FA-23101770, and FA-23101771

---

### *Appearances:*

Kurt Law Office LLC and Pamela D. Kurt, *for appellant.*


KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, Mother appeals from the juvenile court's judgment overruling her objections and adopting the magistrate's decision that allocated parental rights and responsibilities and awarded parenting time regarding the minor children. For the reasons that follow, we affirm the juvenile court's decision, but remand to the court with instructions to issue one comprehensive judgment entry that accurately depicts its decision to overrule the objections but

modify the magistrate's decision by incorporating Mother's March 15, 2024 proposed holiday schedule and days of special meaning.

{¶ 2} In February 2023, Father filed complaints seeking an allocation of parental rights and responsibilities and requesting shared parenting of the parties' six minor children.[1] In each of his complaints, he requested that the juvenile court name him legal and residential custodian of the minor children, or in the alternative, approve his shared parenting plan and allocate equal companionship and parenting time between him and Mother. The juvenile court appointed a guardian ad litem ("GAL") for the minor children.

{¶ 3} In March 2024, Mother submitted her proposed parenting plan regarding the minor children. Relevant to the appeal, she proposed that she be declared legal and residential parent of their daughters, with Father having weekend visitation from Friday through Sunday. In April 2024, Father, now appearing pro se, submitted his own proposed shared parenting plan, contending that due to his work schedule, he could not accommodate Mother's proposed weekend visitation, but rather he proposed weekday visitation.

{¶ 4} On April 18, 2024, a magistrate conducted a trial on Father's complaint and motion for shared parenting, and received testimony from Father, Mother, and the GAL.

---

[1] During the pendency of the action, one of the children reached the age of majority and Father's complaint pertaining to that child was dismissed. Additionally, another child has since reached the age of majority and thus is not subject to this appeal. Accordingly, this appeal concerns only the parties' daughters.

{¶ 5} The magistrate issued his written decision on April 23, 2024, granting Father's complaint for each minor child, allocating parental rights and responsibilities and awarding parenting time to Father. The magistrate granted Mother leave to relocate to Strongsville and further designated Mother as the residential parent and legal custodian of their daughters. Relevant to the appeal, Father was awarded parenting time from Tuesday after school until the following morning, taking them to school, and then every other week from Saturday night until Tuesday morning when he took them to school. Additionally, the magistrate implemented a standard schedule regarding holidays and days of special meaning.

{¶ 6} Mother filed timely objections, while reserving the right to supplement her objections after obtaining the trial transcript. She raised five objections, contending that the magistrate failed to give proper consideration and weight to (1) the parental alienation perpetuated by Father; (2) Father's work schedule; (3) the parties' residential locations; and (4) her proposed parenting plan when allocating holidays and days of special meaning. Mother further objected to the magistrate's failure to order the GAL to submit a written report prior to trial.

{¶ 7} Father also timely objected to the magistrate's decision contending that the magistrate's decision allowing Mother to relocate to Strongsville inhibited his ability to visit with his children and participate in their school activities. He maintained that Mother would remove their children from their current schools, which would be detrimental to the children.

{¶ 8} On May 14, 2024, the juvenile court issued two judgment entries — one ruling on the objections to the magistrate's decision and one addressing the magistrate's decision.

{¶ 9} Regarding the objections, the juvenile court stated that it reviewed the court file, transcript, magistrate's decision, and objections. The court overruled both Mother's and Father's objections. The court found that "although the [GAL] did not timely file a report, neither party raised an objection. The record contains sufficient evidence, apart from the GAL's report and recommendation, that supports the Magistrate's Decision. It should be noted that the Magistrate did not follow the recommendation that was presented." The court modified the magistrate's findings, however, by ordering and incorporating Mother's March 15, 2024 "proposed holiday plan that the parties recommended be adopted as part of this Order."

{¶ 10} Regarding the magistrate's decision, the juvenile court "affirm[ed], approve[d], and adopt[ed] the Magistrate's Decision," which included the standard holiday schedule attached to the Magistrate's Decision. The juvenile court provided no clarification that it had modified the decision in its prior order addressing the parties' objections.

{¶ 11} Mother now appeals, raising five assignments of error, which are the same five objections she raised regarding the magistrate's decision. Father has not appealed, nor has he filed an appellate brief in this matter.

## I. Weight of the Evidence

{¶ 12} In her first, second, and third assignments of error, Mother contends that when allocating parental rights and responsibilities, the juvenile court failed to give proper consideration and weight to (1) the parental alienation perpetuated by Father, (2) Father's work schedule, and (3) the location of where both parties lived.

{¶ 13} The juvenile court's decision concerning the allocation of parental rights and responsibilities will not be disturbed absent an abuse of discretion. *In re J.W.*, 2017-Ohio-8486, ¶ 19 (8th Dist.), citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). This court noted that

> [w]hen a party requests shared parenting, R.C. 3109.04(F)(2) requires the court to specifically decide whether shared parenting is in the child's best interest. R.C. 3109.04(F)(2) requires the court to consider (1) the ability of the parents to cooperate and make decisions jointly; (2) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; (3) any history of, or potential for, child abuse, spouse abuse, or other domestic violence; (4) the geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting; and (5) the recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

*In re N.J.V.*, 2019-Ohio-2234, ¶ 18 (8th Dist.).

{¶ 14} In his complaint and at trial, Father requested shared parenting, which to him meant equal parenting time with him receiving the children on an alternating weekly basis of three days one week and four days the following week. He further requested equal time for all major holidays, including the children's birthdays. Mother requested that Father's parenting time remain with same, which primarily consisted of alternating weekends.

{¶ 15} Based on the testimony provided, the juvenile court concluded that shared parenting was not in the children's best interest by finding that the "parents have shown zero ability to co-parent at this point." In support of its conclusion, the juvenile court specifically considered and addressed the requisite factors contained in R.C. 3109.04(F).

{¶ 16} Contrary to Mother's arguments on appeal, the juvenile court addressed Father's behavior at trial and his decision to allow their now-adult sons to set their own boundaries in regard to their relationship with Mother. The court found that this passive approach did not foster or "encourage the sharing of love, affection, and contact between the children and other parent" — a factor under R.C. 3109.04 for granting shared parenting.

{¶ 17} Additionally, the court identified that Father's work schedule prevented him from meaningfully exercising his current visitation days, which primarily involved only weekend visitation. But the juvenile court noted that "each parent's employment schedule creates hardships for parenting time." The juvenile court noted that Father testified that he would be able to transport the children to school during the week, help them with their homework, and take them to their respective extracurricular activities. Accordingly, to provide Father with meaningful and additional parenting time as requested by the children though Mother's testimony, (tr. 85), the juvenile court granted Father weekday visitation. We find no abuse of discretion in the juvenile court's decision in this respect.

{¶ 18} Regarding Mother's argument that the juvenile court failed to consider the geographic distance between her and Father's residences, we find that Mother chose to relocate to Strongsville, which is not only further from Father's residence but also further from the children's current schools. The juvenile court's decision in granting Father weekday parenting time also obligates Father to pick up the children from school and drop them off at school. This obligation also alleviates some of the tension that the parents testified about when exchanging children for visitation. Accordingly, we find that the juvenile court gave proper consideration of the increased distance between the parties' residences.

{¶ 19} Based on the foregoing, we agree with the juvenile court that shared parenting, as requested by Father, would not be in the children's best interest. Our review of the record demonstrates that the juvenile court considered all the testimony and attempted to allocate parenting time based on the best interests of the children. Accordingly, this court cannot say that the juvenile court abused its discretion in allocating parental rights and responsibilities.

{¶ 20} Mother's first, second, and third assignments of error are overruled.

## II. Holiday Schedule

{¶ 21} Mother contends in her fourth assignment of error that the juvenile court failed to give proper consideration and weight to her proposed parenting plan when allocating holidays and days of special meaning.

{¶ 22} Our review of the record reveals that the juvenile court created some confusion by ruling on the parties' objections and reviewing the magistrate's

decision under separate orders. Although the juvenile court stated that it adopted the magistrate's decision, the juvenile court actually modified the magistrate's decision by adopting Mother's March 15, 2024 proposed schedule of holidays and days of special meaning when it ruled on Mother's objections. Accordingly, Mother's assignment of error is overruled as moot because the juvenile court actually adopted Mother's proposed schedule.

### III. GAL Written Report

{¶ 23} In her fifth assignment of error, Mother contends that the juvenile court erred in failing to order the GAL to submit a written report of her recommendations regarding allocating parental rights and responsibilities.

{¶ 24} In cases involving solely the allocation of parental rights and responsibilities, Sup.R. 48.02(E) of the Rules of Superintendence for the Courts of Ohio, allows the juvenile court discretion to appoint a GAL "to represent the best interest of the child." Sup.R. 48.03(A) and (D) identifies the general responsibilities and duties of a GAL. Finally, Sup.R. 48.06(A) governs a GAL's general report requirements. In cases involving allocation of parental rights, subsection (C) provides that

> (1) A guardian ad litem in proceedings involving the allocation of parental rights and responsibilities, custody, and visitation shall provide a report to the court, unrepresented parties, and legal counsel not less than seven days before the final hearing date, unless the due date is modified by the court.

> (2) The court shall consider the recommendation of the guardian ad litem in determining the best interest of the child only when the report or a portion of the report has been admitted as an exhibit.

{¶ 25} In addition to the Rules of Superintendence governing the responsibilities and duties of a GAL, the juvenile court also implemented a local rule regarding the role and responsibilities of a GAL, including the requirement of providing a written report. *See* Cuyahoga C.P., Juv.Div., Loc.R. 18. Unless waived, the rule requires the GAL to file a written report with the court and make the report available to the parties for inspection at least seven days prior to the final hearing. Loc.R. 18(B), (D), and (E).

{¶ 26} This court, as a whole, has observed an increase in assignments of error asserting that the GAL appointed in the case did not submit a written report in accordance with these rules. *See, e.g., In re I.L.J.*, 2023-Ohio-2960 (8th Dist.). We recognize that the "Rules of Superintendence are 'general guidelines for the conduct of the courts' and 'do not create substantive rights in individuals or procedural law.'" *In re C.O.*, 2013-Ohio-5239, ¶ 14 (8th Dist.), quoting *In re K.G.*, 2010-Ohio-4399, ¶ 11 (9th Dist.). Moreover, the juvenile court is "'given latitude' in following their own local rules." *In re G.W.*, 2019-Ohio-1533, ¶ 54 (8th Dist.).

{¶ 27} Nevertheless, the failure to require the GAL to adhere to the rules could, in some cases, constitute an abuse of discretion. *See, e.g., In re K.Z.*, 2019-Ohio-707, ¶ 73 (8th Dist.), citing *Citibank, N.A. v. Katz*, 2013-Ohio-1041, ¶ 29 (8th Dist.) (when a trial court exercises its discretion not to comply with or enforce its local rules, it could be error if that discretion affects a party's due process or other constitutional rights). Sup.R. 48 and Loc.R. 18's requirement that the GAL submit the report prior to the hearing allows the parties to properly prepare for the hearing,

with an understanding of the GAL's recommendations and reasoning. Without such knowledge prior to trial, parties may be blindsided by the recommendations or information contained in the report or subsequent testimony given at the hearing. Moreover, counsel for the parties may need this advance notice and information to reduce the response or reaction their client may have regarding the content and recommendations contained in the report. It is in everyone's best interests for the GAL, who the parties compensate, to prepare and submit a written report prior to the hearing in accordance with the rules.

{¶ 28} Nevertheless, it is incumbent on the parties to object or bring this issue to the attention of the juvenile court prior to trial. As the court properly found, Mother did not raise any objection to the GAL's failure to submit a written report and recommendation prior to trial. Accordingly, Mother has waived all but plain error. *In re L.W.*, 2018-Ohio-2099, ¶ 36 (10th Dist.). In a civil case, plain error is found only in "'those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.'" *In re I.L.J.*, 2023-Ohio-2960, at ¶ 32 (8th Dist.), quoting *In re Moore*, 2005-Ohio-747, ¶ 8 (10th Dist.), citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997).

{¶ 29} This case is not one of those extremely rare cases where exceptional circumstances require us to find plain error to prevent a manifest miscarriage of justice. First, as noted, the trial court did not follow the GAL's recommendations as

presented at trial. Moreover, Mother offers no argument about how she was prejudiced by the GAL's failure to submit a written report. The record reveals that Mother fully questioned the GAL during trial on her verbal recommendations regarding parental rights and responsibilities and parenting time of the minor children. Accordingly, we decline to recognize plain error in this matter.

{¶ 30} The fifth assignment of error is overruled.

## IV. Conclusion

{¶ 31} Judgment affirmed but remanded with instructions to the juvenile court to issue, nunc pro tunc, one comprehensive judgment entry that accurately depicts its decision to adopt the proposed March 15, 2024 schedule of holidays and days of special meaning.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR